# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LESLIE ALLEN ACHTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-384-JCH ) |
| CHIEF JUSTICE OF THIS HONORABLE COURT, et al., | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Leslie Allen Achter for leave to proceed *in forma pauperis*. The motion will be granted. In addition, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center, where he is serving an eight-year term of incarceration.[1] The complaint is titled "A Memorandum For Federal Full Jurisdiction 'cite' herein State and Federal Laws is in Violation I – 'cite' I Appeal 'cite' herein." (Docket No. 1 at 1). Plaintiff names as defendants the "Chief Justice of this Honorable Court," and United States District Judges Stephen N. Limbaugh, Jr. and Stephen N. Limbaugh, Sr. Plaintiff does not state the basis for this Court's jurisdiction.

The complaint is essentially a long, jumbled sentence that is difficult to read and to understand. For example, plaintiff writes:

> Comes now re: Leslie Allen Achter #24045 Petitioner and moves this Honorable
> United States District Court Clerk to make and enter its orders "cite" herein under

---

[1] According to Missouri.Case.Net, in 2014, plaintiff plead guilty in state court to aggravated stalking and leaving the scene of a motor vehicle accident, and was sentenced to serve a total of eight years' imprisonment. *See State v. Achter*, Case No. 12SF-CR02270-01 (24th Jud. Cir. Sept. 5, 2014) and *State v. Achter*, Case No. 13SF-CR01242-01 (24th Jud. Cir. Sept. 5, 2014). Execution of sentence was stayed, and plaintiff was placed on a five-year term of probation. However, following a hearing on August 11, 2017, plaintiff's probation was revoked, and the Court ordered the execution of the previously-imposed sentences. *See id.*

> the '50' States and District of Columbia – "cite" – Timothy Strickland Assistant Bureau Chief "cite" herein Bureau of Interstates Compact Laws and Statutes of Transfers and United States of Americans Constitutional Rights and President Donald Jessie Trump and "cite" in Congress of Clause and Due Process of Clause to All United States Bill of Rights and Constitutions "cite" All Plaintiffs and Petitioner and person or persons and "cite" human beings in jury trials or in any opening of "cite" any courts or opening hearing any and all Chief Justice Judges or A Judges or crimes or criminal "cite" in court appointed public defender crimes or criminal Justice [illegible] or attorney at law that under "cite" his or her oath by justice "cite" beyond a reasonable doubt and don't go for that laws and statutes state and federal and United States of America Constitutions and Bill of Rights is in all of violations of their Bar licenses therefore this to make and enter its orders under the First and 5th and 6th and 8th and 14th Amendments and all of the way to 33- Amendments of 50 States and "cite" District of Columbia for federal full jurisdictions to filed and amended to over rule Justice Judge Stephen N. Limbaugh, Jr. time limited memorandum on August 14, 2017 Limbaugh Jr. knowing is not about prisoner civil rights complaint it is about "cite" him and circuit court judge Sandy Martine and the attorney at law George Weber Gilmore Jr. 220 "cite."

(Docket No. 1 at 1-2).[2]

The complaint also makes vague references to good time credits and plaintiff's desire to be released before the completion of his sentence, and it contains some profanity. After filing the complaint, plaintiff filed a letter to the Clerk of Court, an affidavit in support of the complaint, and a supplement to the complaint. All of these documents are composed in the same incomprehensible manner as the complaint, and are sometimes illegible.

## Discussion

As an initial matter, the Court notes that, to the extent plaintiff can be understood to claim that the named defendants are liable to him because they took certain judicial action, the complaint is subject to dismissal. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in complete absence of all jurisdiction.'" *Penn v. United States,* 335

---

[2] Review of this Court's records show that the Honorable Stephen N. Limbaugh, Jr. presided over two prior cases involving plaintiff. The first was a criminal matter in which plaintiff was convicted of being a felon in possession of a firearm, and sentenced to a term of incarceration. *U.S. v. Achter*, Case No. 1:93-cr-26-SNLJ (E.D. Mo. Aug. 18, 1994). The second was a 2017 civil rights action filed by plaintiff and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Achter v. Unknown Sheriff, et al.*, Case No. 4:17-cv-2231-SNLJ (E.D. Mo. Nov. 3, 2017).

F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). In this case, all of the named defendants are United States District Judges in the Eastern District of Missouri, and act pursuant to that Court's jurisdiction granted to it by the United States Constitution. *See* U.S. Const. art. III.

The Court now turns to the content of the complaint. Plaintiff makes repeated vague references to good time credits, and to being released before the expiration of his sentence. Plaintiff's statements are far too vague to state any valid claim. However, to the extent he can be understood to claim that his constitutional rights are being violated because he is being denied good time credits and/or early release from prison, the complaint is subject to dismissal. Plaintiff does not have a constitutional right to be given good time credits, or to be released before the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); *Dace v. Mickelson,* 816 F.2d 1277, 1280-81 (8th Cir. 1987). To the extent plaintiff can be understood to raise such a claim under 28 U.S.C. § 2254, the Court notes that he must first exhaust his state court remedies, *Jones v. Smith*, 835 F.2d 175 (8th Cir. 1987), and nothing in the complaint suggests that he has done so. Furthermore, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a § 2254 petition to state the facts supporting each ground for relief, and it certainly cannot be said that the instant complaint satisfies that requirement.

The foregoing is the only potential claim the Court can ascertain without resorting to improper speculation. Although plaintiff vaguely references prior rulings by Judge Limbaugh, Jr., he fails to provide even the barest notice of any federal cause of action, and the Court cannot

envision any amendment to the complaint that would cause it to state a plausible claim. The Federal Rules of Civil Procedure require even *pro se* litigants to formulate their pleadings in an organized and comprehensible manner, and to set forth their claims and the supporting facts in a simple, concise and direct manner. *See McNeil*, 508 U.S. at 113 (even *pro se* litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure). Here, plaintiff has failed to follow these requirements. Although this Court must liberally construe *pro se* complaints, the Court will not create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15. For all of the foregoing reasons, and also because the complaint is nonsensical, disorganized, and incomprehensible, the Court will summarily dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's second-filed motion for leave to proceed *in forma pauperis* (Docket No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of April, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE